UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| CITY OF GRAND RAPIDS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-412 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| ERIC DWAYNE HATCHER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| GRAND RAPIDS CITY TREASURER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-413 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| ERIC DWAYNE HATCHER, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| _____ | ) | |

The captioned cases are state civil infraction proceedings removed to this court by Eric Dwayne Hatcher, the defendant in each civil infraction case. *City of Grand Rapids v. Hatcher*, case no. 1:13-cv-412, began in the 61st District Court as a civil action arising from Mr. Hatcher's commission of a traffic offense, failing to stop within the assured clear distance ahead (case no. 2012-OI-0547317). The matter arose from a December 2012 traffic ticket issued by a Grand Rapids police officer. That case has already proceeded to final judgment, after the state district judge rejected all of Mr. Hatcher's defenses to the levy of a $220.00 fine. *Grand Rapids City Treasurer*

*v. Hatcher*, case no. 1:13-cv-413, began in the 61st District Court as a civil action to recover penalties for parking violations in the amount of $180.00 (no.13-OK-030022). In each case, Mr. Hatcher filed a notice of removal containing virtually incomprehensible allegations concerning the basis for removing the case.

District Judge Robert Holmes Bell has referred both of these matters to me for all pretrial purposes. Having reviewed the notices of removal and attached documents in each case, I conclude that each case was removed improvidently and without jurisdiction. Because these cases reflect identical legal issues, I am filing the same report and recommendation in each case, recommending that both cases be remanded to the 61st District Court.

## **Discussion**

The right to remove a case from state to federal court is conferred by statute. Removals of civil actions from state court are governed by 28 U.S.C. §§ 1441-54. Under the provisions of section 1441(a), any civil action brought in a state court over which the district courts have original jurisdiction may be removed by the defendant. Under the plain language of this statute, only those state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The two principal categories of cases that can originally be brought in the federal district courts are cases arising under the federal Constitution, laws or treaties, 28 U.S.C. § 1331, and cases between parties of completely diverse citizenship in which $75,000.00 or more is in controversy, 28 U.S.C. § 1332.

It is clear that neither federal question nor diversity jurisdiction exists in this case. Federal question jurisdiction exists when a case arises under federal law. The court employs the

"well pleaded complaint" rule, which looks to the plaintiff's complaint to determine whether it arises under federal law. *See Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 552 (6th Cir. 2005). If the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction and the action is not removable. *Id.* In each of the captioned cases, the claims alleged by plaintiff (the City of Grand Rapids) arise solely under state law, as they allege violation of statutes and ordinances governing traffic and parking.

It is equally clear that diversity jurisdiction does not exist in this case. The notice of removal in each case makes some cryptic comments concerning the existence of diversity jurisdiction, but nowhere does Mr. Hatcher clearly assert that he is a citizen of a state other than Michigan. A state court action may not be removed on the basis of diversity if any of the parties is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). As a Michigan citizen, Mr. Hatcher is unable to remove state-court actions on the basis of diversity. More fundamentally, Mr. Hatcher has not alleged the requisite amount in controversy. Civil actions pending in the state courts are removable to federal court on the basis of diversity only if the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. 28 U.S.C. § 1332(a). The amount in controversy in case no. 1:13-cv-412 is $220.00. The amount in controversy in case no. 1:13-cv-413 is $180.00.

Under the removal statute, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). This statute authorizes remand of cases *sua sponte* where the district court lacks subject-matter jurisdiction. *See Balzer v. Bay Winds Fed. Credit Union*, 622 F. Supp. 2d 628 (W.D. Mich. 2009). Removal of the captioned cases to this court was utterly frivolous. The cases should be remanded.

**Recommended Disposition**

I recommend that the captioned cases be remanded to the 61st District Court for lack of subject-matter jurisdiction.


Dated:  April 29, 2013                     /s/  Joseph G. Scoville
                                           United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).